1  PHILLIP A. TALBERT
   Acting United States Attorney
2  MATTHEW M. YELOVICH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,         | CASE NO. 2:16-CR-00046 GEB
12 |                   Plaintiff,      | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
13 |         v.                        |
14 | SERGIO ROMAN BARRIENTOS,          |
15 |                   Defendant.      |

16

17
        WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain
18
   sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this
19
   matter;
20
        WHEREAS, the sensitive but unclassified discovery materials at issue include information
21
   pertaining to victims or potential victims in this case, including personal identifying information and
22
   financial information, as well as various personal identifying information for straw buyers and others
23
   involved in this matter;
24
        WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a
25
   private agreement is not appropriate in light of the nature of the information at issue and the charges in
26
   this case; and
27
        WHEREAS, the defendant has counsel ("Defense Counsel") who wishes to have the opportunity
28

   Stipulation & [Proposed] Protective Order           1

to review the discovery;

Defendant SERGIO ROMAN BARRIENTOS and plaintiff United States of America, by and through their counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel in this case (hereafter, collectively known as "protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of their respective client.  However, at no time shall defendant be permitted to review the protected discovery outside of the presence of Defense Counsel or Defense Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or his/her designee shall not leave any of the protected discovery with defendant at any location.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.  The protected discovery is now and will forever remain the property of the United States Government.  Defense Counsel will return the protected discovery to the Government or certify that it has been shredded at the conclusion of the case, to include any appeal, and/or collateral attack.

5. Defense Counsel will store the protected discovery in a secure place, such as Defense Counsel's private office, and will use reasonable care to ensure that it is not disclosed to third persons or their respective client in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that defendant obtains substitute counsel, undersigned Defense Counsel

agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8. Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: June 6, 2016                                             Respectfully submitted,

                                                                PHILLIP A. TALBERT
                                                                Acting United States Attorney

                                                    By:    /s/ Matthew M. Yelovich
                                                            MATTHEW M. YELOVICH
                                                            Assistant U.S. Attorney


                                                    By:    /s/ Kelly Babineau
                                                            Kelly Babineau
                                                            Counsel for SERGIO ROMAN BARRIENTOS


### **ORDER**

IT IS SO FOUND AND ORDERED.

DATED: June 7, 2016

                                                    _____
                                                    ALLISON CLAIRE
                                                    UNITED STATES MAGISTRATE JUDGE