UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERGIO ROMAN BARRIENTOS, <br><br> Defendant. | No. 2:16-CR-00046-TLN <br><br><br> **ORDER** |

This matter is before the Court on Defendant Sergio Roman Barrientos's ("Defendant") Application for Bail Pending Appeal. (ECF No. 164.) The Government filed an opposition. (ECF No. 167.) Defendant filed a reply. (ECF No. 170.) For the reasons set forth below, the Court DENIES Defendant's motion.

On January 12, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. (ECF No. 62.) On November 2, 2018, Defendant was sentenced to 168 months imprisonment, 36 months supervised release, $100 special assessment, and $176,669 restitution. (ECF No. 109). Defendant self-surrendered to the Bureau of Prisons ("BOP") on January 14, 2019 and has served approximately 15 months of his 168-month sentence. (ECF No. 108). Defendant timely filed a notice of appeal. (ECF Nos. 110, 111.) After full briefing, the Ninth Circuit set oral argument on the appeal for April 14, 2020 but submitted the appeal on the briefs on April 1, 2020. Defendant

is currently serving his sentence at FCI Terminal Island with a projected release date of November 6, 2030.[1]

On April 1, 2020, Defendant filed the instant Motion for Bail Pending Appeal. Defendant argues he presents substantial, non-frivolous issues in his appeal that would likely result in a much shorter sentence on remand. Specifically, Defendant asserts: (1) the Court failed to explicitly resolve Defendant's objection to the four-level leadership role adjustment and abused its discretion in imposing the enhancement under U.S.S.G. § 3B1.1(a); (2) the Court abused its discretion in denying a one-level reduction for early acceptance of responsibility under U.S.S.G. § 3E1.1(b); and (3) the Court abused its discretion by denying Defendant's request for an evidentiary hearing regarding Defendant's doctor's opinion on the status of Defendant's health. Defendant argues that if he succeeds on appeal, he will likely be given a substantially reduced sentence on remand.

In opposition, the Government argues that Defendant has not met his burden of showing he presented substantial issues. Further, the Government asserts that even if Defendant wins his appeal, he will not be entitled to a sentence that is shorter than the time he has already served plus the expected duration of the appeal process and therefore is not entitled to release on bail.

Defendant replies that, due to the COVID-19 outbreak and Defendant's age and health issues including uncontrolled diabetes and heart disease, he would likely be sentenced to a significantly reduced amount of time because he is at a high risk of infection.

This Court has the authority to release a defendant pending appeal under 18 U.S.C. § 3143(b)(1) depending on certain conditions. Section 3143(b)(1) reads:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

---

[1] Defendant's attorney submitted a declaration on April 13, 2020 alerting the Court to two confirmed cases of COVID-19 at FCI Terminal Island.

        (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

            (i) reversal,

            (ii) an order for a new trial,

            (iii) a sentence that does not include a term of imprisonment, or

            (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The first element expounded by the statute is not at issue because neither party asserts that Defendant is a flight risk or that he poses a danger to the public. Further, the Government does not allege that Defendant's appeal is sought for the purpose of delay.

The second element asks if the appeal presents a substantial question of law or fact. The Ninth Circuit addressed the definition of a "substantial question" and found that it "is one that is fairly debatable or fairly doubtful. In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations and quotations omitted).

The Court finds Defendant has not raised a substantial question. Defendant's first issue on appeal — that the Court failed to explicitly resolve Defendant's objection to the imposition of the four-level leadership role adjustment and abused its discretion in imposing the enhancement under § 3B1.1(a) — is not a substantial question because it is not fairly debatable. At the sentencing hearing, the Court heard and considered both parties' arguments and reviewed the sentencing memorandum and written objections by Defendant. (ECF No. 164 at 133–148.) After this consideration, the Court explicitly overruled the objection and found that "the law enforcement interview reports attached to the government's sentencing memorandum…contain sufficient indicia of reliability to support their probable accuracy" and ultimately imposed the four-level enhancement. (ECF No. 164 at 148, 169.) Further, the Court filed a written "Findings on Objection to Presentence Report" reiterating its decision regarding this objection. (ECF No. 107.) The Court's decision to impose the leadership role adjustment was well-supported.

///

1    Next, Defendant's assertion that the Court abused its discretion in not applying a one-level reduction for early acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) similarly does not present a substantial question. A defendant is entitled to a decrease in offense level pursuant to U.S.S.G. § 3E1.1(b) if the government makes a motion stating that the defendant's early plea or cooperation permitted the government to avoid preparing for trial. In the instant case, the Government did not make such a motion because Defendant did not enter a plea until after trial confirmation and after the Government had already engaged in intensive trial preparation. (ECF No. 106 at 10.) Defendant filed an objection requesting the reduction, which the Court explicitly overruled because the Government did not move for the additional decrease. As such, this issue does not present a substantial question of fact or law because the Court had discretion to overrule the objection and its decision to do so was well-supported. (ECF No. 164 at 148.)

Finally, Defendant's third point on appeal does not raise a substantial question. Defendant asserts the Court abused its discretion in denying an evidentiary hearing regarding Defendant's doctor's opinion regarding his health. "A district court may permissibly deny a hearing where a defendant is allowed to rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs." *United States v. Sarno*, 73 F.3d 1470, 1502–03 (9th Cir. 1995) (citing *United States v. Baker*, 894 F.2d 1083, 1084–85 (9th Cir. 1990)). Here, Defendant filed objections to the presentence report, which included Defendant's medical records and an opinion letter from his doctor. (ECF No. 94.) At sentencing, Defendant requested that his doctor be allowed to testify at an evidentiary hearing. The Court denied the request, finding Defendant had the opportunity to supply affidavits and documents regarding Defendant's medical status and did so. However, the Court found those documents filed in objection to the Presentence Report insufficient to support a downward departure based on Defendant's age and infirmities. The Court's decision to deny the evidentiary hearing was well-supported, especially considering Defendant, when asked at sentencing, could not specify what additional information the doctor would provide if questioned in court and therefore the Court properly denied the hearing. In sum, none of Defendant's issues on appeal raise a substantial question that would warrant bail pending appeal under § 3143(b)(1)(B).

4

Further, as the Government points out, even if Defendant has presented substantial questions, he fails to demonstrate that those substantial questions would likely lead to reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Of those four options, Defendant argues only that his issues on appeal will lead to a reduced term of imprisonment pursuant § 3143(b)(1)(B)(iv). The Court disagrees. Defendant has only served 15 months of his sentence, and the Ninth Circuit submitted the appeal on the briefs on April 1, 2020. Even if Defendant wins on all aspects of his appeal, the potential reduced sentence will still be longer than the total of the time already served plus the expected duration of the appeal process. Defendant himself asserts that if he wins on his first two arguments, his offense level would drop to 30, resulting in an amended guideline range of 97 to 121 months. Assuming the Court again sentences Defendant to the low end of the guideline range, his sentence would be 97 months, substantially more than the 15 months he has already served plus the expected time for resolution of his appeal. Even if the Court sentenced Defendant more in line with the sentences of his co-defendants on remand — 48 months and 36 months — Defendant's reduced sentence should he prevail on appeal would be longer than that necessary for him to qualify for bail.

In his Reply, Defendant expands on his argument that, based on his age and health status, he would likely be sentenced to a much shorter time, or even simply home confinement. Defendant argues that the COVID-19 pandemic creates an individualized risk to Defendant because of his age and uncontrolled diabetes and these factors should be taken into consideration in determining the length and form of Defendant's sentence. Due to Defendant's age and diabetic status, he is at a higher risk of serious symptoms if he contracts COVID-19. However, the Court is not convinced that these factors would result in a sentence of less than or equal to the 15 months Defendant has already served plus the time expected for resolution of his appeal nor that it would warrant home detention in place of imprisonment. At sentencing, the Court found that the BOP was equipped to handle Defendant's health issues and that home detention would not be as efficient as imprisonment. (ECF No. 164 at 168.) While COVID-19 may change some of this

calculus, the Court does not believe it would result in immediate release.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Pending Appeal. (ECF No. 164.)

IT IS SO ORDERED.

DATED: April 13, 2020

Troy L. Nunley
United States District Judge