UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-CR-00046-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| SERGIO ROMAN BARRIENTOS, | |
| Defendant. | |

    This matter is before the Court on Defendant Sergio Roman Barrientos's ("Defendant") "Motion for Order Recommending Placement on Home Confinement for the Remainder of the sentence In Light of COVID-19." (ECF No. 175.) The Government filed an opposition. (ECF No. 177.) Defendant filed a reply. (ECF No. 178.) For the reasons set forth below, the Court DENIES Defendant's motion.

    On January 12, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. (ECF No. 62.) On November 2, 2018, Defendant was sentenced to 168 months imprisonment, 36 months supervised release, $100 special assessment, and $176,669 restitution by District Court Judge Garland E. Burrell, Jr. (ECF No. 109). Defendant self-surrendered to the Bureau of Prisons ("BOP") on January 14, 2019 and has served approximately 15 months of his 168-month sentence. (ECF No. 108). Defendant timely filed a notice of appeal. (ECF Nos. 110, 111.) After

full briefing, the Ninth Circuit set oral argument on the appeal for April 14, 2020 but submitted the appeal on the briefs on April 1, 2020.  Defendant is currently serving his sentence at FCI Terminal Island with a projected release date of November 6, 2030.  On March 29, 2020, due to Senior Judge Burrell taking inactive status, this case was reassigned to this Court.

On April 15, 2020, Defendant filed the instant motion requesting the Court make a recommendation to the BOP that Defendant be placed in home confinement due to the COVID-19 pandemic.  Defendant asserts his age and health concerns make him more susceptible to dangerous symptoms should he contract COVID-19.  Indeed, shortly after filing the motion, Defendant's attorney submitted a declaration indicating Defendant is exhibiting COVID-19 symptoms and has been tested for the disease.  (ECF No. 176.)  On April 21, 2020, the Government informed defense counsel and this Court that Defendant's COVID-19 test came back positive.  (ECF No. 180.)

In opposition, the Government argues this Court cannot make such a recommendation to the BOP because it is not the specific court that sentenced Defendant.  In support of this proposition, the Government cites *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016).  In *Rodriguez*, the Ninth Circuit found that the BOP erred in considering the recommendation of a judge who did not impose the sentence and had been recused from the case.  *Id.*  The Government argues that this case is dispositive and thus the BOP cannot consider any recommendation made by this Court.

In reply, Defendant argues the facts in *Rodriguez* are distinguishable from the facts here.  In *Rodriguez*, the BOP considered the recommendation of a recused judge and there was no indication that the sentencing judge was unavailable.  *See* 823 F.3d 1238.  The Court agrees that this case is distinguishable from *Rodriguez*.  Here, Judge Burrell has taken inactive status and therefore the matter was reassigned.  *Rodriquez* does not address whether the BOP may consider a recommendation from the assigned judge when the sentencing judge is no longer available.  *Id.*

The question that remains is whether this Court may send a recommendation to the BOP.  The Court was unable to find authority directly on point.  While Defendant points to BOP Program Statement 5160.05 to assert the BOP would consider the recommendation of the

assigned judge, the *Rodriquez* court states, "he was not the judge who imposed the sentence as 18 U.S.C. § 3621(b)(4) contemplates," indicating the Ninth Circuit believes the statute refers specifically to the sentencing judge.  823 F.3d at 1243.

    Regardless of the uncertainty on the issue, the Court need not make a ruling on this matter as it declines to submit a recommendation to the BOP.  More specifically, the Court is not inclined to issue an order that has no force or effect and is not binding on the BOP.  *United States v. Robles*, No. 2:12-CR-00424-TLN, 2020 WL 1904709 (E.D. Cal. Apr. 17, 2020) ("A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has 'no binding effect' on the BOP to determine or change a prisoner's placement").  Further, given the circumstances and Defendant's health status, the BOP and Defendant's doctors are in a much better position to determine if home detention is appropriate and if it is safe for the Defendant to be moved.

    For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Order Recommending Placement on Home Confinement.  (ECF No. 175.)

    IT IS SO ORDERED.

DATED:  April 24, 2020

Troy L. Nunley
United States District Judge

3