UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ROMAN BARRIENTOS,<br><br>Defendant. | No. 2:16-cr-00046-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Sergio Roman Barrientos's ("Defendant") Motion for Compassionate Release. (ECF No. 203.) The Government filed an opposition. (ECF No. 207.) Defendant filed a reply. (ECF No. 208.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

On January 12, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349.  (ECF No. 62.)  On July 19, 2018, the Honorable Garland E. Burrell sentenced Defendant to a 168-month term of imprisonment to be followed by 36 months of supervised release.  (ECF No. 108.)  Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Terminal Island.  He has served approximately 23 months of his 168-month sentence and his projected release date with good conduct time is November 6, 2030.

On November 4, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 203.)  Defendant requests the Court reduce his sentence to time served due to the COVID-19 pandemic.  Defendant is 67 years old and claims he is particularly vulnerable to COVID-19 due to his various medical conditions and the current conditions of his confinement.  (*Id.* at 5.)  In opposition, the Government argues the Court should deny Defendant's motion because there are not extraordinary and compelling reasons for his release and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (*See generally* ECF No. 207.)

## II.     Analysis

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement for his compassionate release request as it relates to his medical conditions. Defendant made a request to the warden on April 23, 2020.  (ECF No. 203-1.)  Because more

than 30 days have elapsed since April 23, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n.1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant claims he is particularly vulnerable to COVID-19 because he suffers from multiple medical conditions, including quintuple bypass surgery in 2008, uncontrolled type 2 diabetes, high blood pressure, and high cholesterol. (ECF No. 203 at 5–6.) Defendant's medical records — filed under seal — confirm that he suffers from these medical conditions. The Centers for Disease Control and Prevention ("CDC") has identified type 2 diabetes, high blood pressure, and heart disease as risk factors for COVID-19 complications. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 10, 2020). Further, at 67, Defendant falls into the high-risk age group for COVID-19.

The Government argues that Defendant recently contracted and recovered from COVID-19 without any apparent long-lasting consequences. (ECF No. 207 at 19.) While it is encouraging that Defendant recovered from COVID-19, his records indicate that he spent a week at an outside hospital recovering from virus-related pneumonia. It is also possible Defendant

could be re-infected in the future.  Despite Defendant's medical conditions, however, it bears mentioning that the BOP currently reports zero active inmate cases of COVID-19 at FCI Terminal Island.  As such, Defendant's arguments about COVID-19 are arguably too speculative at this time.  *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement based on his medical conditions, the Court nonetheless denies Defendant's request based on the § 3553(a) factors.

The Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  At sentencing, the presentence report calculated Defendant's sentencing guidelines range to be 168–210 months of imprisonment.  The probation officer emphasized that Defendant was the mastermind of a sophisticated, egregious mortgage and bank fraud scheme that caused considerable loss to lenders and homeowner victims.  However, the probation officer recommended a low-end sentence of 168 months of imprisonment based primarily on Defendant's lack of criminal history, age, and his numerous health issues.  The Court ultimately sentenced Defendant to 168 months in prison.  Defendant appealed his sentence, and the Ninth Circuit upheld the sentence on June 25, 2020.  *See United States v. Barrientos*, 810 F. App'x 583, 585 (9th Cir. 2020).

Defendant now seeks to reduce his sentence to time served despite having served only approximately 23 months of his sentence.  In other words, Defendant is seeking a reduction from a well-supported, low-end, 168-month sentence to a drastically lower 23-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Defendant argues that there is significant disparity between his 168-month sentence and the 36- month and 48-month sentence received by his co-participants.  (ECF No. 208 at 20.)  Defendant argues he was "at best, an average participant." (*Id.* at 21.)  Defendant raised a similar argument in his appeal. In upholding Defendant's 168-month sentence, the Ninth Circuit concluded, among

4

other things, that "Barrientos's leadership role is supported by evidence in the record." *Barrientos*, 810 F. App'x at 584.  Lastly, although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Terminal Island has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 168-month sentence.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 203.)

IT IS SO ORDERED.

DATED:  December 11, 2020

_____
Troy L. Nunley
United States District Judge