**FILED**

**Feb 03, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SERGIO ROMAN BARRIENTOS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:21-CV-08603-JLS-JDE<br><br>ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA<br><br>CAED Case No. 2:16-cr-0046 TLN |

## I.

## BACKGROUND

On October 29, 2021, Petitioner Sergio Roman Barrientos ("Petitioner"), a federal inmate incarcerated at the Federal Correctional Institution, Terminal Island, filed a pro se "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," ostensibly pursuant to 28 U.S.C. §§ 2241 or 2255. Dkt. 1 ("Submission"). The Submission was docketed by the Clerk's Office as a Section 2241 petition. However, for the reasons explained below, the Court construes the Submission as a motion under 28 U.S.C. § 2255, and so construed, transfers the action to the United States District Court for the Eastern District of California ("Eastern District").

## II.
## PROCEDURAL HISTORY

On January 12, 2018, Petitioner pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in the Eastern District. United States v. Barrientos, et al., Case No. 2:16-cr-00046-TLN (E.D. Cal.), Dkt. 62, 109.[1] On November 2, 2018, Petitioner was sentenced to a 168-month term of imprisonment. Id., Dkt. 109; Submission at 2. Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals. On June 25, 2020, the Ninth Circuit affirmed the judgment. United States v. Barrientos, 810 F. App'x 583 (9th Cir. 2020). Petitioner did not file a petition for a writ of certiorari in the Supreme Court. Submission at 3.

## III.
## PETITIONER'S CLAIMS

1. The prosecutor failed to disclose evidence favorable to Petitioner. Submission at 4 (CM/ECF pagination).

2. Petitioner was denied the effective assistance of counsel. Submission at 4.

## IV.
## DISCUSSION

It is unclear whether Petitioner intended to file the Submission in the United States District Court for the Central District of California ("Central District") as a Section 2241 petition, or sought to file a Motion to Vacate

---

[1] Under Fed. R. Evid. 201, the Court takes judicial notice of the relevant federal records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

pursuant to Section 2255 in the Eastern District. For the reasons explained below, the Submission must be construed as a Section 2255 motion.

A. **Petitioner's Claims Must be Brought Pursuant to 28 U.S.C. § 2255**

Challenges to the legality of a federal conviction or sentence generally must be made under 28 U.S.C. § 2255 in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990).

This general rule has a limited exception. "[A] federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204 F.3d at 864-65 (quoting 28 U.S.C. § 2255); see also 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). This exception is referred to as the "savings clause" or the "escape hatch." See Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

The exception is narrow and will not apply "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition[.]" See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended); Lorentsen, 223 F.3d at 953; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). Rather, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual

3

innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted).

Here, Petitioner does not purport to challenge "the manner, location, or conditions" of the execution of his sentence. Rather, he argues his conviction is unlawful because the prosecution failed to disclose favorable evidence and he was denied the effective assistance of counsel. Submission at 4. Thus, Petitioner is challenging the legality of his conviction and sentence and, as such, his Submission must be construed as a Section 2255 motion, unless the escape hatch applies. See Hernandez, 204 F.3d at 864-65. Petitioner does not appear to claim the escape hatch is applicable. On the face of the Submission, which was prepared on a Section 2255 motion form, Petitioner has failed to show actual innocence or that he lacked an "unobstructed procedural shot" at presenting his claims.

With respect to the first requirement of the escape hatch, a claim of actual innocence in this context requires a showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See Stephens, 464 F.3d at 898 (citation omitted). Thus, the petitioner must show "not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him." Lorentsen, 223 F.3d at 954 (citation omitted). Actual innocence requires a showing of factual innocence, not mere legal insufficiency. See Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). The petitioner bears the burden of proving actual innocence by a preponderance of the evidence. See Lorentsen, 223 F.3d at 954.

Petitioner has not met his burden of establishing actual innocence. As noted, Petitioner pleaded guilty to conspiracy to commit wire fraud affecting a

financial institution and bank fraud. Petitioner's arguments regarding Brady[2] violations or the ineffective assistance of counsel (Submission at 5, 7, 9) do not support a finding of factual innocence. See Marrero, 682 F.3d at 1193 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency." (citation omitted)). While Petitioner presents arguments that he might not have pleaded guilty had he known certain information, he presents no evidence that he is "factually innocent" of the crime of conviction. See Bennett v. Milusnic, 2019 WL 7206451, at *4 (C.D. Cal. Sept. 16, 2019) (the petitioner's argument regarding the withholding of evidence failed to establish his factual innocence), report and recommendation accepted by 2019 WL 5565960 (C.D. Cal. Oct. 25, 2019); Rojas-Alvarado v. United States, 2016 WL 8735721, at *2 (C.D. Cal. Nov. 28, 2016) (claim that attorney failed to require the government to show how petitioner "used or carried the gun in furtherance of his drug trafficking activities" before recommending guilty plea insufficient to show actual innocence), findings and recommendation accepted by 2017 WL 1393035 (C.D. Cal. Jan. 20, 2017). Petitioner has not demonstrated that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898.

    Petitioner also has not shown he lacked "an unobstructed procedural shot" to pursue his claims. In determining whether a petitioner had an unobstructed procedural shot, the relevant inquiry is whether the petitioner's claim "'did not become available' until after a federal court decision," which requires a consideration of whether: (1) the legal basis for the claim did not arise until after the petitioner had exhausted his direct appeal and first Section 2255 motion; and (2) the law changed "in any way relevant" to the claim after the first Section 2255 motion. Harrison, 519 F.3d at 960 (citations omitted).

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

Here, Petitioner apparently did not file a Section 2255 motion in the Eastern District, which is confirmed by a review of the Eastern District's online docket. See Submission at 3. As a result, the procedural requirements for a "second or successive" motion do not limit Petitioner, and he could have filed a timely Section 2255 motion in the sentencing court. See Sanchez v. Matevousian, 677 F. App'x 451 (9th Cir. 2017) (the petitioner could not establish that he lacked an unobstructed procedural shot at presenting his claim because he could have filed a timely Section 2255 motion in the sentencing court); Reyes-Ponce v. Sanders, 2012 WL 4208053 at *3 (C.D. Cal. Aug. 24, 2012) ("the savings clause does not apply simply because a claim, which might otherwise be brought in a § 2255 motion, is effectively precluded because [such] motion is procedurally barred as untimely or successive."), report and recommendation accepted by 2012 WL 4208049 (C.D. Cal. Sept. 19, 2012). Therefore, Petitioner has not shown he lacked an "unobstructed procedural shot" to pursue his claims.

Accordingly, the escape hatch does not apply and the Submission must be construed as a Section 2255 motion. See Hernandez, 204 F.3d at 865. Because a Section 2255 motion must be filed in the sentencing court, this Court lacks jurisdiction over the action. See 28 U.S.C. § 2255(a) (providing that a motion under this section must be brought in "the court which imposed the sentence"); see also Hernandez, 204 F.3d at 864-65.

**B.     The Action Shall be Transferred to the Eastern District**

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought. See 28 U.S.C. § 1631. Transfer is appropriate under Section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070,

1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings."). The first two conditions are met. This Court lacks jurisdiction and it appears the Eastern District could have exercised jurisdiction at the time this action was filed. Petitioner has not previously filed a Section 2255 motion. Thus, the Submission would not be subject to the restriction on second or successive motions under 28 U.S.C. § 2255(h) requiring consideration by the Ninth Circuit in the first instance.

     Further, transfer is in the interest of justice as it appears there is at least a colorable claim that had the Submission been filed in the correct district, it would have been timely. The Ninth Circuit affirmed Petitioner's conviction on June 25, 2020. Although the deadline in which to file a petition for writ of certiorari with the Supreme Court is normally 90 days from the date of entry of the lower court judgment, due to COVID-19, on March 19, 2020, the Supreme Court temporarily extended the filing deadline for a petition for a writ of certiorari to 150 days. See Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari to review a judgment entered by a United States court of appeals to be filed within 90 days after entry of judgment); Miscellaneous Order, 589 U.S. – (March 19, 2020) (ordering "the deadline to file any petition for a writ of certiorari due on or after the date of this order . . . extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing"); Miscellaneous Order, 594 U.S. – (July 19, 2021) (rescinding March 19, 2020 Miscellaneous Order as of July 19, 2021). Thus, using the June 25, 2020 date as the date of entry of the judgment following appeal to the Ninth Circuit (without taking into account the date mandate was issued), it appears Petitioner could have timely filed a writ of certiorari as late as Monday, November 23, 2020. Therefore, for purposes of commencing the one-year limitations period under Section 2255(f)(1), it appears Petitioner's judgment became final no earlier than

November 23, 2020, meaning the last day for Petitioner to file a timely Section 2255 Motion appears to have been no earlier than November 23, 2021. Clay v. United States, 537 U.S. 522, 525 (2003) (concluding that for purposes of Section 2255's one year limitations period, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). As noted, the Court received the Submission on October 29, 2021, which, even if treated as the filing date, without taking into account the potential application of the prison mailbox rule, creates at least a colorable argument that the Submission, had it been filed in the correct district, would have been timely. Thus, although the Court makes no ruling regarding whether the Submission is timely, under the circumstances, the Court finds the interest of justice weighs in favor of transfer rather than dismissal.

## V.
## ORDER

IT THEREFORE IS ORDERED in the interest of justice that this action is hereby transferred to the United States District Court for the Eastern District of California. The Clerk shall effect such transfer and notify Petitioner.

Dated: February 02, 2022

JOSEPHINE L. STATON
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge