UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:16-cr-0046 TLN CKD P |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SERGIO ROMAN BARRIENTOS, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se with a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. ECF No. 236. For the reasons which follow, the court recommends that the motion be denied.

I. Background

On January 12, 2018, movant pled guilty, without a plea agreement, to Count One of the Superseding Indictment, charging him with conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. ECF No. 62. On November 2, 2018, movant was sentenced to 168 months imprisonment and, on motion by respondent, all other counts were dismissed. ECF No. 108. Movant appealed his sentence to the Ninth Circuit, and, on June 25, 2020, the Ninth Circuit affirmed. ECF No. 182. Movant did not seek a writ of certiorari in the Supreme Court.

/////

1

II. Standards

    A. Guilty Pleas

The types of claims a prisoner may assert in a § 2255 motion to challenge a guilty plea are substantially more limited than the types of claims which may be brought after a trial. Any claims arising before entry of a guilty plea which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

    B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees effective assistance of counsel in criminal proceedings. To establish ineffective assistance of counsel, two elements must be met. First, it must shown that, considering all circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To this end, a defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

With respect to an attack on a guilty plea, the degree of prejudice which must be shown is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

/////

III. Claims

Movants' claims are difficult to discern but appear to fall in several categories discussed below.

    A. Insufficient Evidence

Much of what appears on pages 5, 7 and 9 of the motion as well as in movant's reply brief can best be characterized as argument concerning the state of the evidence. Essentially, movant seems to suggest that had he gone to trial, he would not have been convicted.[1] This is precisely the sort of claim that is waived by virtue of a guilty plea as it does not concern whether the plea was voluntary or intelligent and movant specifically gave up his right to a jury trial (ECF No. 77 at 10). Pursuant to Boykin and Tollet, any claim concerning sufficiency of evidence which would have been presented at trial has been waived.

    B. Failure to Disclose / Prosecutorial Misconduct

Movant asserts that the prosecution failed to disclose various documents, and makes passing reference to Brady v. Maryland, 373 U.S. 83, 87 (1963) in which the Supreme Court held that information sought in discovery by a criminal defendant which is favorable to the defendant's case must be produced by the prosecution. In his reply brief, movant asserts as follows:

> The government must provide [a] copy of the sales contract between homeowner and buyer. This will prove that [movant] did not take title to any property. This will prove that Capital Access did not take title to any property that the government alleges. . .

Movant fails to point to anything suggesting that the "sales contract" is material favorable to movant which respondent had a duty to turn over before movant pled guilty. Further, movant fails to point to anything indicating that he did not or does not have access to the contract. See Jones v. Ryan, 733 F.3d 825, 838 (9th Cir. 2013) (no Brady violation where defendant had equal access to the material).

---

[1] The elements of the crimes as well as the factual basis for movant's guilty plea were recited by the government attorney, and movant acknowledged the accuracy and sufficiency of the information to support his plea during his colloquy with the trial court. ECF No. 77 at 14-21.

3

Movant also suggests prosecutorial misconduct in statements such as "the prosecutor knew [movant] had nothing to do with originating loans," but he fails to point to any facts in support of such assertions and fails to indicate how, even if such statements are true, that makes him entitled to relief. Finally, nothing suggests that any facts regarding movant's assertions concerning the prosecution were unknown to movant before he pled guilty rendering any claims based upon those assertions waived.

In his reply brief, movant asserts that the respondent must "provide proof" of certain things or provide categories of information to either him and/or the court. However, at this point in the proceedings, respondent has no burden of proof and movant has not provided any cause for the court to order respondent to provide movant with anything.

### C. Ineffective Assistance of Counsel

#### 1. Trial Counsel

Movant complains as follows about his trial counsel, Ms. Babineau:

1. Counsel never "obtained a detailed breakdown of the $10 million defaulted amount."

2. Movant asked that counsel "present the contract between Capital Access and the homeowner . . . ." claiming that this would exonerate movant. Trial counsel never did. Movant does not identify to whom the contract should have been presented.

3. Counsel did not complete discovery before movant pled guilty.

4. Counsel did not provide a hard drive to appellate counsel or movant's son for review after movant pled guilty.

5. Counsel "did not question the letter that Norma Rincard was sending to clients without [movant's] knowledge but putting the blame on [movant]."

ECF No. 236 at 7.

With respect to these allegations, movant fails to establish either prong of a successful claim for ineffective assistance of counsel. Movant fails to show that anything done by counsel was objectively unreasonable, nor that he suffered any prejudice from counsel's actions. With respect to the third allegation, movant fails to point to facts suggesting that counsel was not adequately informed concerning the case against movant, nor does movant indicate what further

materials should have been sought in discovery.

Movant also asserts that attorney Michael Long reviewed the record to ascertain whether a motion to withdraw movant's plea was appropriate.[2] Id. at 8.   Movant asserts that Mr. Long misled him by suggesting that movant not seek to withdraw his plea based upon the sentences received by co-defendant Aguila and Omar Anabo, a defendant in 2:16-cr-0001 TLN.  As noted by respondent, movant does not make any reasonable showing that he was similarly situated to Aguila or Anabo for purposes of sentencing, and thus fails in his assertion that Mr. Long was ineffective.[3]

### 2. Appellate Counsel

Movant complains that his appellate counsel, Gene Vorobyov, "did not give movant any chance to provide any input on court filings that the FBI made statements that [movant] admitted fraud when there was no such conversation [and] the tape conversation will show no such admission took place."  Id. at 7. To prevail on a claim for ineffective assistance of appellate counsel, it must be shown counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, movant would have prevailed on appeal.  Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Appellate counsel is not required to raise every non-frivolous issue demanded by the defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).

Movant's claim on appeal concerned the calculation of movant's sentence.  ECF No. 182. Movant fails to point to anything indicating that the decision made by appellate counsel to challenge only his sentence fell below an objective standard of reasonableness.  Further, movant
/////

---

[2] It does not appear that Mr. Long was ever an attorney of record for movant. As movant's claims against Mr. Long fail, however, the court declines to analyze whether movant can even make a claim of ineffective assistance against an attorney not representing him.

[3] Indeed, as respondent notes, "the extensive investigation revealed that Barrientos was the organizer and leader of the elaborate scheme which defrauded and victimized countless financial institutions, federally insured financial institutions, homeowners, and other individuals. Barrientos created Capital Access and hired the other coconspirators whom he is attempting to argue he is identically situated to." ECF No. 243 at 17.

fails to indicate why direct consultation with movant as to his appeal was appropriate, nor that any claim counsel failed to raise had any chance of success.

IV. Conclusion

For the foregoing reasons, the court recommends that movant's 28 U.S.C. § 2255 motion be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 236) be denied; and

2. The Clerk of the Court be directed to close the civil companion case 2:22-cv-0238 TLN CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 19, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/barr0046.2255