UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ROMAN BARRIENTOS,<br><br>Defendant. | No. 2:16-cr-00046-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 254.) Defendant Sergio Roman Barrientos ("Defendant") has not filed a response. For the reasons set forth below, the Court GRANTS the Government's motion. (ECF No. 254.)

///
///
///
///
///
///
///
///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud, in violation of 18 U.S.C. § 1349. (ECF No. 77.) On November 2, 2018, the Court sentenced Defendant to a 168-month term of imprisonment to be followed by a 36-month term of supervised release, a $100 special assessment, and $176,669.00 in restitution. (ECF Nos. 108, 109.) His projected release date is November 6, 2029, after application of good conduct time and First Step Act credits. (ECF No. 254-1 at 2.) Defendant is currently designated at the Medical Center for Federal Prisoners in Springfield, Missouri, for ongoing skilled care and medical management. (ECF No. 254 at 2.)

On November 5, 2024, the Government filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See id.*) The Government requests the Court reduce his term of imprisonment to time served due to Defendant's inability to independently manage his daily living activities and end-of-life prognosis. (*Id.* at 2.) The Government states Bureau of Prisons ("BOP") "medical staff consider his life expectancy to be less than 18 months with end-of-life trajectory given his multiple comorbid medical conditions and functional decline." (*Id.*)

**II.    ANALYSIS**

    A.    <u>Extraordinary and Compelling Reasons</u>

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.

U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

The Government states that Defendant was admitted to the hospital for acute systolic congestive heart failure in March 2024.  (ECF No. 254 at 2.)  BOP medical records — filed under seal — indicate Defendant has been diagnosed with severe stenosis of the common femoral artery and near complete occlusion of the superficial femoral artery, without distal reconstitution.  (ECF No. 257-1 at 7.)  The Government states Defendant therefore underwent a right lower extremity angiogram and placement of an arterial stent.  (ECF No. 254 at 2.)  Defendant then developed sepsis and underwent a "right above-knee" amputation in April 2024.  (ECF No. 257-1 at 3.)  Defendant has advanced periodontal disease and needs to have all his remaining teeth extracted.  (*Id.* at 6.)  After spending seven months in the hospital, Defendant requires assistance to manage most of his daily living activities and is primarily bound to his bed.  (*Id.* at 2–4.)  Defendant's weight dropped from 164 pounds in November 2023 to 115 pounds on September 26, 2024.  (*Id.* at 1.)

Based on these medical records, the Court concludes Defendant satisfies the "extraordinary and compelling" requirement for his release.

B. <u>Section 3553(a) Factors</u>

The Court must also consider the 18 U.S.C. § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  The Government states Defendant has served approximately 71 months of this sentence.  (ECF No. 251 at 1 (citing ECF No. 254-1 at 3).)  The Government also notes that the BOP in late August 2024 sent notices to the victims in this case indicating that Defendant is being considered for compassionate release, and BOP informed the Government that no victims have responded in opposition.  (*Id.* at 2.)  In light of this, and in light of Defendant's terminal and debilitating medical conditions, the Court finds the

1  factors under § 3553(a) are not an obstacle to his release.

2       **III.**   **CONCLUSION**

3  For the foregoing reasons, the Court hereby GRANTS the Government's Motion for
4  Compassionate Release. (ECF No. 254.) Accordingly, the Court modifies Defendant's sentence
5  of imprisonment to time served. The Government shall serve a copy of this Order on the warden
6  at Medical Center for Federal Prisoners in Springfield, Missouri, forthwith. Defendant shall be
7  released only after all release plans are in place. All other terms and conditions previously
8  imposed, including restitution payments, remain in full force and effect.

9      IT IS SO ORDERED.

10 Date: November 21, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE